# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MID-AMERICAN SALT, LLC f/k/a MIDWEST SALT OF FORT WAYNE, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 1:16-CV-285-HAB |
| BOB & DAVE'S LAWN AND LANDSCAPE MAINTENANCE, INC. d/b/a MIDWEST MELT SOLUTIONS, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER[1]

Magistrate Judge Paul Cherry, a distinguished jurist if there ever was one, once stated, "the discovery process in civil cases is self-effectuating." *United States v. Smile Ctr. of Family Dentistry, P.C.*, 2005 WL 8170010 at *4 (N.D. Ind. Mar. 17, 2005). If only it was that easy! This case demonstrates what happens when the aspirational goals of the discovery rules meet zealous advocacy in a half-million-dollar dispute. While the parties have submitted more than 200 pages of briefing and exhibits, the Court finds that their dispute boils down to two key issues: what is the scope of this Court's September 30, 2019, Order reopening discovery; and should Mid-American Salt, LLC ("Seller") be required to produce every piece of paper in its possession that relates to any and all of its international salt transactions? Because the Court finds Bob & Dave's Lawn and Landscape Maintenance, Inc.'s ("Buyer") position to be contrary to law and the circumstances of this case, this dispute will be resolved in favor of Seller.

---

[1] This matter was re-referred to the Magistrate for ruling on all non-dispositive matters, including the parties' current discovery dispute, on January 6, 2020. In the interest of judicial efficiency, the Court will reassume control over this case.

A.  **Background**

Any discussion of discovery issues in this case must begin with the length of time the parties have had to conduct discovery. The original discovery deadline, as set at the September 2016 Preliminary Pretrial Conference, was June 1, 2017. After *seven* extensions were granted by the Magistrate, discovery finally closed on May 1, 2019. In total, the parties had nearly *thirty-three months* to conduct discovery prior to the filing of Buyer's dispositive motion.

For Buyer, at least, thirty-three months were not enough. Following the denial of its Motion for Summary Judgment, Buyer sought to reopen discovery to address issues identified in the Court's denial. Over Seller's objection, the Court granted Buyer's request and reopened discovery "for the limited purpose of discovery related to any parol evidence of the negotiations." The Court allowed sixty days for the parties to complete that discovery. It was during this period of supplemental discovery that the dispute now before the Court arose.

On the last day written discovery could be issued within the scope of the Court's order, *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc.*, 271 F.R.D. 487, 495 (N.D. Ind. 2010) ("the discovery deadline specifies the date on which all discovery must be completed, therefore, any document requests must be served at least 30 days prior to the discovery deadline"), Buyer sprung into action. Twenty document requests and four requests for admissions were issued to Seller. Several days later, Buyer announced its intention to take a Rule 30(b)(6) deposition of Seller's representative as well as second depositions of Seller's principles, Andrew and Mark Thiele. The apparent target of Buyer's discovery requests was information relating to Seller's dealings with third parties. Buyer was particularly interested in documents produced by Seller in a separate lawsuit filed in this Court between Seller and D.J.'s Lawn Service, Inc. Buyer's

discovery requests prompted a flurry of correspondence between counsel, the results of which are the discovery motions currently pending before the Court.

**B.     Legal Discussion**

**1.     *Scope of the Order Reopening Discovery***

District courts, including this one, issue complex orders every day. This Court's September 30, 2019, Order reopening discovery was not one of them. The Order, contained within a larger minute entry recapping that day's telephonic trial scheduling conference, stated, "Court GRANTS Dft's oral motion to reopen discovery for the limited purpose of discovery related to any parol evidence of the negotiations." (ECF No. 60). "The negotiations," as Seller correctly asserts, are the negotiations between Buyer and Seller related to the agreement at issue in this lawsuit.[2] These were the only negotiations discussed in the parties' summary judgment briefs, and the only negotiations addressed in this Court's Opinion and Order denying Buyer's summary judgment motion. To the extent that it was not self-evident before, the Court trusts that the scope of its Order is now clear.

With this understanding in mind, many of Buyer's discovery requests are plainly beyond the scope of this Court's Order. Buyer's written discovery issued subsequent to the Court's Order seeks information unrelated to the parties' negotiations. The first three requests for admissions facially address attached documents from the D.J.'s Lawn Service lawsuit, while the fourth addresses a wire transfer between Seller and yet another third party. None of the requests for production expressly, or even impliedly, seek documents exchanged between the parties in the

---

[2] The clear language of the Court's September 30, 2019, Order notwithstanding, Buyer seems to assert that the order denying Buyer's motion for summary judgment reopened discovery into Seller's damages. It did not. A plaintiff's damages are key areas for discovery in every civil case, including this one. If Buyer wanted to conduct discovery into Seller's damages, it should have been doing so from the earliest days of this case.

3

course of the negotiation of their agreement. The Court, then, will grant Seller's request for a protective order relieving it from having to respond to the written requests.

The proposed depositions of Andrew and Mark Thiele fare no better. According to Buyer's November 5, 2019, letter, the purpose of the second depositions would be to address "the newly discovered documents and testimony;" i.e., the documents and testimony from the D.J.'s Land Scape lawsuit. The depositions would necessarily be beyond the scope of the reopened discovery, and therefore cannot be had. Seller's request for a protective order will be granted with respect to the depositions of the Thieles as well.

2. *Discovery of Third-Party Negotiations*

Unfortunately, clarifying the scope of permitted discovery does not resolve the parties' dispute. To get in the back door what it cannot through the front, Buyer argues that what it *really* wants is for Seller to supplement its discovery responses pursuant to Rule 26(e). There are several problems with this line of reasoning.

First, Buyer's act of issuing "Second" sets of requests for production and requests for admissions is antithetical to the duty to supplement. The key feature of the *duty* to supplement is that it is automatic; the opposing party is not obligated to issue supplemental discovery requests. *United States v. Dish Network, L.L.C.*, 2016 WL 29244 at *7 (C.D. Ill. Jan. 4, 2016) (citing *Gonzalez v. Rodgers*, 2011 WL 5040673 at *7 (N.D. Ind. Oct. 24, 2011)). The fact that Buyer sent out "Second" sets of discovery facially requesting new materials, was reminded of this Court's discovery order by Seller, and only then asserted that "we are demanding supplementation of your responses pursuant to Rule 26," (ECF No. 70-6 at 1) indicates to the Court that the "supplementation" argument was less a rationale for issuing the "Second" sets of discovery and more an after-the-fact rationalization.

4

Second, the duty to supplement does not apply to lay witness deposition testimony. As Buyer notes, the plain language of Rule 26(e) limits the duty to supplement to interrogatories, requests for production, and requests for admissions. If the plain language isn't clear enough, the Advisory Committee Note to the revision that instituted this subparagraph states: "[t]he revision also clarifies that the obligation to supplement responses to formal discovery requests applies to interrogatories, requests for production, and requests for admissions, ***but not ordinarily to deposition testimony***." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (emphasis added); *see also Othman v. City of Chi.*, 2016 WL 612809 at *7 (N.D. Ill. Feb. 16, 2016); Craig Carter, Is There A Duty to Supplement Deposition Testimony?, 10 App. Advoc. 7, 9 (1996) ("Thus, the Federal Rules, along with the advisory committee notes clearly state that the duty to supplement extends to expert depositions but not ordinarily to the deposition responses of a law witness."). Therefore, Buyer's assertion that it seeks "a second deposition of Andrew and Mark Thiele pursuant to Rule 26(e)(1)" is contrary to law.

Finally, and most importantly, the materials Buyer seeks as supplementation are not now, nor were they ever, discoverable. While the Court has been unable to find any binding authority on the issue, Seller has cited several instructive decisions holding that negotiations with third parties are irrelevant and not discoverable where the salient issue is the intent of the parties in entering into a contract. *See Neil Corp. v. John Paul Mitchell Sys.*, 1995 WL 217480 at *6 (E.D. La. Apr. 12, 1995) ("[d]iscovery requests relating to 'contracts between an opponent and others in connection with allegations which did not involve the party seeking the discovery' is not relevant to a litigation involving claims for breach of contract," even if the opponent may have treated third-parties differently under the same or similar contractual provisions) (internal citations omitted); *Freeman v. Witco Corp.*, 1999 WL 389892 at *1 (E.D. La. June 11, 1999) (motion to compel

seeking "documents related to contract negotiations between [party litigant] and its other clients" to show habitual conduct of said litigant was denied by district court as irrelevant to dispute concerning contractual dispute between parties to the lawsuit); *World Wrestling Fed'n Entm't, Inc. v. William Morris Agency, Inc*., 204 F.R.D. 263, 265 (S.D.N.Y. 2001) (affirming magistrate judge's denial of discovery of third-party contracts, district court judge held that "[o]rdinarily, what is relevant in a breach of contract claim is the transaction between the parties to the contract. Ordinarily, contractual agreements between one of the contracting parties and third parties is irrelevant.") (emphasis supplied); *Herman v. Seaworld Parks & Entm't, Inc*., 2016 WL 3746421 at *2–3 (M.D. Fla. July 13, 2016) (observing that discovery is broad, but its "rules do not permit the parties to go on a fishing expedition," and, relying upon a number of cases refusing to compel production of non-party contracts, the district court held that such non-party contracts not referenced in or a part of any claim or defense were irrelevant and that their production would be disproportional to the needs of the case); *BNSF Ry. Co. v. Panhandle N. R.R. LLC*, 2018 WL 4076487 *2–3 (N.D. Tex. Jan. 11, 2018) (denying motion to compel, district court held that "third-party agreements and communications should not generally be discoverable" in breach of contract action, and requests for such information "are highly likely to be irrelevant and overbroad"). The Court finds the reasoning of these opinions to be sound and adopts that reasoning here.

Buyer attempts to avoid this conclusion by asserting that the Court must review "all of the circumstances" in determining the intent of the parties. (ECF No. 74 at 11) (citing *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005)) (original emphasis). Buyer's statement of law is correct, but it does not compel the conclusion that Buyer advances. Indiana law *does* require courts to review all circumstances in determining the intent of the parties (at least where the intent of the parties is not clear from the four corners of the document), but "all circumstances" refers to

the circumstances surrounding the negotiations *of the parties*, not dealings with third parties. *See*, *e.g.*, *Zimmerman*, 826 N.E.2d at 77–78; *Estate of Kappel v. Kappel*, 979 N.E.2d 642, 652–53 (Ind. Ct. App. 2012); *MH Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 757–58 (Ind. Ct. App. 2010). The Court can find no authority from Indiana, or any other jurisdiction, holding that "all circumstances" encompasses negotiations with third parties, and Buyer cites none.

The determination that Seller's third-party dealings are irrelevant resolves Buyer's other argument in support of its discovery. Buyer asserts that evidence of these dealings is discoverable "because it would constitute impeachment evidence." (ECF No. 74 at 19). However, "a witness may not be impeached by contradiction as to collateral or irrelevant matters elicited on cross-examination." *Taylor v. Nat'l R.R. Passenger Corp.*, 920 F.2d 1372, 1375 (7th Cir. 1990) (quoting *Simmons, Inc. v. Pinkerton's Inc.*, 762 F.2d 591, 604 (7th Cir. 1985)). "A matter is collateral if the impeaching fact could not have been introduced into evidence for any purpose other than contradiction." *Taylor*, 920 F.2d at 1375 (quoting *United States v. Jarrett*, 705 F.2d 198 (7th Cir. 1983)). Third-party negotiations are not admissible to show the parties' intent, and Buyer identifies no other basis upon which admissibility could be found. The negotiations, then, would be admitted only for impeachment purposes. This is the definition of a collateral matter.

Let the Court be clear: nothing in this Opinion and Order should be construed to limit Seller's ongoing duty under Rule 26(e) to supplement its discovery responses with discoverable evidence. However, Seller has no duty to provide irrelevant and non-discoverable evidence either as an initial discovery response or as a supplementation. Because the Court finds that non-discoverable evidence is precisely what Buyer seeks, it must side with Seller in this discovery dispute.

## C. Conclusion

For the foregoing reasons, Defendant's Motion to Compel Plaintiff to Supplement Previous Responses to Requests for Production (ECF No. 71) is DENIED. Plaintiff's Motion for Protective Order (ECF No. 69) is GRANTED in part and DENIED in part. The Court ORDERS that discovery in this matter shall be limited as follows:

- Seller need not respond to Defendant's Second Set of Requests for Production of Documents to Plaintiff (ECF No. 70-1) or Defendant's Second Set of Requests for Admissions to Plaintiff (ECF No. 70-2);
- Buyer is precluded from seeking any further discovery related to matters outside of the negotiations between Buyer and Seller as to the contract at issue in this case; and
- Absent a formal request to this Court from Buyer, Seller need not produce Mark or Andrew Thiele for a second deposition.

The Court will not preclude Buyer from conducting a Rule 30(b)(6) deposition of Seller, but it does ORDER Buyer to reissue its Rule 30(b)(6) notice of deposition to limit the topics therein consistent with this Opinion and Order.

SO ORDERED on March 12, 2020.

                                                     s/ Holly A. Brady
                                                    JUDGE HOLLY A. BRADY
                                                    UNITED STATES DISTRICT COURT